**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHARIDY TATROE, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:25-cv-50323 |
| | ) | |
| v. | ) | |
| | ) | |
| ED&BC LLC d/b/a Eggsclusive Cafe, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

---

## COMPLAINT

Plaintiff, Charidy Tatroe ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against ED&BC LLC d/b/a Eggsclusive Cafe ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination and retaliation for engaging in a protected activity in violation of Title VII.

2.    This lawsuit also arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq. (PWFA) seeking redress for Defendant's failure to accommodate Plaintiff's pregnancy, and for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

### JURISDICTION AND VENUE

3.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4.    Venue of this action properly lies in the Northern District of Illinois, Western

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent have occurred or been complied with.

6. A charge of employment discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. Plaintiff, Charidy Tatroe, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Ogle County, Illinois.

10. Defendant is a limited liability company, specializing in restaurant and food services that at all times material to the allegations in this Complaint was doing business in and for Winnebago County, Illinois. Defendant's address is 7105 Cherryvale North Blvd., #7105, Rockford, IL 61112.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

2

13. Plaintiff worked for Defendant as a general manager from on or about October 14, 2021, until Plaintiff's unlawful constructive discharge on or about July 14, 2025.

14. As a general manager, Plaintiff's duties included, but were not limited to, the following:

- Manage and oversee daily cafe operations to ensure overall success.

- Hire and train cafe staff.

- Organize and oversee staff schedules.

- Conduct performance evaluations that are timely and constructive.

- Handle progressive discipline of employees in accordance with company policy.

- Ensure that all guests feel welcome and receive exceptional service.

15. Since at least July 1, 2025 through July 14, 2025, Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII and the PWFA.

16. Plaintiff is female and pregnant, and therefore a member of protected classes because of her sex and pregnancy.

17. Plaintiff was 38 weeks pregnant at the time of filing her charge of discrimination and was scheduled to begin maternity leave on or about July 21, 2025.

18. Early on in her pregnancy, Defendant's owner, Engin Dogan ("Dogan"), personally assured Plaintiff that she would be paid during her maternity leave.

19. Since at least the beginning of May 2025, Plaintiff repeatedly reached out to Dogan asking what steps needed to be taken before her leave.

20. Dogan continuously dismissed her repeated inquiries, saying there was "plenty of time" and that nothing needed to be done.

21. On or about July 1, 2025, Dogan emailed Plaintiff using the restaurant's internal system and suddenly assigned Plaintiff a long list of tasks that were unrealistic to complete before her maternity leave.

22. Dogan further expressed dissatisfaction with Plaintiff's work and accused Plaintiff of failing to complete tasks, such as finalizing an entire new menu.

23. None of these concerns had ever been raised previously, despite Plaintiff's attempts to have these conversations well in advance.

24. Plaintiff responded to Dogan's email in detail with an 8-page response addressing each point he raised.

25. On or about July 14, 2025, Dogan came into the restaurant and informed Plaintiff that she was being demoted from her position as General Manager to server, effective immediately.

26. This was a significant pay cut and physically impossible position for Plaintiff to perform due to how far along Plaintiff was in her pregnancy.

27. Dogan gave vague, unsupported reasons for the demotion and claimed Plaintiff wasn't doing a good job, despite never having raised performance issues before.

28. Plaintiff was shocked and blindsided by the sudden demotion.

29. When Plaintiff asked whether she would still be paid for maternity leave as previously promised, he avoided the question and kept telling Plaintiff that she was now a server.

30. Dogan also took Plaintiff's keys to the building, revoked her system access, and

asked Plaintiff to change the computer system back to his name.

31.     This demotion was not based on her performance, but rather was motivated by her pregnancy, upcoming maternity leave, and request for accommodation.

32.     In addition, in the past, Dogan instructed Plaintiff to terminate another pregnant employee, but told Plaintiff to wait until three months after she returned from maternity leave to avoid suspicion.

33.     This demonstrates a clear pattern of discriminatory behavior against female, pregnant employees.

34.     Plaintiff is the sole provider for her family and relies heavily on her salary as a General Manager.

35.     This abrupt demotion, pay cut, and removal of responsibilities just days before her promised maternity leave has caused Plaintiff significant emotional and financial harm.

36.     Plaintiff was treated this way because she is pregnant and in retaliation for asserting her right to take maternity leave.

37.     No reasonable person could continue under these intolerable and unfair circumstances with the major demotion, significant pay cut and disparate treatment.

38.     As a result of the pregnancy discrimination and extremely unfavorable terms and conditions of employment thrust upon Plaintiff, she was given no choice but to resign as continuing her employment under such circumstances was untenable.

39.     Ultimately, on or about July 14, 2025, Plaintiff was constructively discharged on the basis of Plaintiff's sex and pregnancy, and in retaliation for engaging in protected activity as described above.

40.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of their employment, as evidenced by the lack of negative performance remarks nor any previous voiced dissatisfaction with her performance.

41.     In fact, throughout her nearly four-year tenure with Defendant, Plaintiff consistently received positive feedback regarding her performance.

42.     Plaintiff was retaliated against, and her employment was ultimately constructively discharged for opposing unlawful discrimination and for exercising her protected rights.

43.     Plaintiff suffered multiple adverse employment actions including, but not limited to, being constructively discharged.

44.     Plaintiff can show that she engaged in statutorily protected activity–a necessary component of her retaliation claim, because Plaintiff requested accommodations and opposed sex-based discrimination.

## COUNT I
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

45.     Plaintiff repeats and re-alleges paragraphs 1 through 44 as if fully stated herein.

46.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex/pregnancy, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

47.     Plaintiff met or exceeded performance expectations.

48.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class, her sex/pregnancy.

49.     Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's sex/pregnancy.

6

50.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex/pregnancy.

51.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>COUNT II</u>
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

53.     Plaintiff repeats and re-alleges paragraphs 1 through 44 as if fully stated herein.

54.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

55.     During Plaintiff's employment with Defendant, Plaintiff opposed the discrimination and disparate treatment, specifically the demotion, significant pay cut and loss of responsibilities just days before her maternity leave.

56.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

57.     In response to Plaintiff's detailed, eight page reply to Defendant's list of tasks with unrealistic deadlines prior to her maternity leave, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's reply, opposing sex-based discrimination.

58.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct opposed by Plaintiff, as soon thereafter, she was demoted to a

7

physically impossible position, had her pay cut and lost assigned responsibilities.

59.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

60.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on opposing the sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

61.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

62.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of the Pregnant Workers Fairness Act**
**(Failure to Accommodate)**

63.     Plaintiff repeats and re-alleges paragraphs 1 through 44 as if fully stated herein.

64.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq*.

65.     Plaintiff is a qualified employee as defined by 42 U.S.C. 2000gg *et seq*.

66.     Defendant was aware of the pregnancy and the need for accommodations.

67.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

68.     Plaintiff's reasonable accommodations that were requested were not an undue burden on Defendant.

69. Defendant did not accommodate Plaintiff's pregnancy.

70. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female) and pregnancy.

71. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

72. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Pregnant Workers Fairness Act
### (Retaliation)

73. Plaintiff repeats and re-alleges paragraphs 1 through 44 as if fully stated herein.

74. Plaintiff is a member of a protected class under Title VII.

75. During Plaintiff's employment with Defendant, Plaintiff requested accommodations in the form of maternity leave.

76. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq*.

77. In response to Plaintiff's request for accommodation, Defendant failed to accommodate Plaintiff's pregnancy.

78. Defendant then constructively discharged Plaintiff's employment.

79. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

9

80.     Plaintiff suffered an adverse employment action, as she was constructively discharged, for engaging in protected activity.

81.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

82.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.     Back pay;

b.     Front pay;

c.     Loss of benefits;

d.     Payment of interest on all back pay and benefits recoverable;

e.     Compensatory and punitive damages;

f.     Reasonable attorneys' fees and costs;

g.     Award pre-judgment interest if applicable; and

h.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of July 2025.

/s/ *Caroline L. Mosley*
**CAROLINE L. MOSLEY, ESQ.**

10

KY Bar No.: 101006
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: 630-575-8181
cmosley@sulaimanlaw.com
*Counsel for Plaintiff*


*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*

11